STATE OF NORTH CAROLINA v. BARRY CHAPPEL

No. 789SC30

(Filed 6 June 1978)

1. Constitutional Law § 30; Bills of Discovery § 6— discovery—criminal record of State's witness

The trial court's denial of defendant's pretrial motion to require the State to furnish to him the criminal record of a State's witness did not violate defendant's right of confrontation or G.S. 15A-903(d), since defendant was afforded his right of confrontation when the witness testified at the trial, and G.S. 15A-903(d) does not require the production of a proposed witness's criminal record.

2. Larceny § 7.3— ownership of property—no fatal variance

In this prosecution for larceny, there was no fatal variance between indictment and proof as to ownership of the stolen property where the indictment alleged the larceny of the property of "Lawrence Denny, D/B/A Denny's Appliance Mart, Inc." and a witness testified that the stolen merchandise was owned by Lawrence Denny, the owner of Denny's Appliance Mart, that he could not answer whether the property was owned by Denny personally or whether it was part of the corporation's inventory, and that Denny was personally responsible for the merchandise under a floor plan arrangement with Borg Warner.

3. Constitutional Law § 46; Criminal Law § 91.4— discharge of court-appointed counsel—denial of continuance to obtain new counsel—allowing court-appointed counsel to remain nearby

Where defendant discharged his court-appointed attorney when his case was called for trial, the trial court did not err in refusing to continue the case until defendant could seek out and employ another attorney or prepare to represent himself or in allowing court-appointed counsel to remain nearby and offer such help as defendant might request.

APPEAL by defendant from *Preston, Judge.* Judgment entered 20 October 1977 in Superior Court, PERSON County. Heard in the Court of Appeals 4 May 1978.

Defendant was tried on a bill of indictment charging him with, on 15 September 1976, feloniously breaking and entering a building occupied by "Lawrence Denny, D/B/A Denny's Appliance Mart, Inc.," and with the felonious larceny therefrom of a Sylvania amplifier and two speakers, the property of "Lawrence Denny, D/B/A Denny's Appliance Mart, Inc.," and having a value of $1,029.85.

Defendant waived counsel at his hearing when probable cause was found, but subsequently the attorney who represented him on this appeal was appointed. When the case was called for trial in October, 1977, defendant discharged his court-appointed counsel and, at his own insistence, attempted to represent himself. Court-appointed counsel was directed to make himself available throughout the trial for such assistance as defendant might desire.

The State's evidence tended to show that the amplifier in question was in the store when it was closed about 5:30 p.m. on 15 September 1976. It was missing when the store manager was called to the premises later that night. A hole had been knocked in a back door, and a window had been broken. Some time later the police located a witness, Newman, who testified that he saw defendant beating on the back door of the store around 8:00 or 9:00 p.m. on the date of the theft. Defendant traded the stolen amplifier to Samuel Bullock from whom it was recovered by the police.

Defendant did not testify but offered evidence tending to show that he was elsewhere when the crime took place. He also elicited testimony tending to show that Denny's Appliance Mart, Inc. was a corporation solely owned by Lawrence Denny.

Defendant was found guilty as charged, and judgment imposing consecutive prison sentences was entered.

*Attorney General Edmisten, by Associate Attorney Kaye R. Webb, for the State.*

*Ramsey, Hubbard & Galloway, by Mark Galloway, for defendant appellant.*

VAUGHN, Judge.

[1]   Prior to trial, defendant's court-appointed counsel filed a motion by which he sought to require the "prosecutor to produce for the Defendant a copy of the computerized print-out of the criminal record of one, Sammy Bullock." The motion was denied. Defendant contends that the denial of the motion violated his "right of confrontation" and also violated the mandate of G.S. 15A-903(d). Neither argument has merit. He was given the "right of confrontation" when the witness Bullock testified against him. Although not material to our decision, we note that when defendant cross-examined Bullock, he did not ask him about his participation in any prior criminal activity. Defendant's reliance on G.S. 15A-903(d) is misplaced. The Legislature has expressly rejected a proposal to require the State to disclose even the names and addresses of the witnesses it intends to call and also rejected a proposal to require the production of a proposed witness's criminal record. *State v. Smith*, 291 N.C. 505, 231 S.E. 2d 663 (1977); *see* Official Commentary to G.S. 15A-903. The Legislature recognized the obvious danger of witness harassment and intimidation inherent in such a procedure.

[2]   Defendant argues that there is a fatal variance between the indictment and the proof as they relate to the ownership of the stolen property. The indictment alleged that the property was the property of "Lawrence Denny D/B/A Denny's Appliance Mart, Inc." A witness for the State, Martin Hall, testified that the stolen merchandise was "owned by Lawrence Denny, the owner of Denny's Appliance Mart." On cross-examination, Hall testified that he could not answer whether the property was owned by Denny personally or whether it was part of the inventory of Denny's Appliance Mart, Inc. He further explained that Denny's Appliance Mart, Inc., a corporation, was a "sole proprietorship" of Lawrence Denny, that Denny did business as Denny's Appliance Mart, Inc., and that Denny was personally responsible for the merchandise under a floor plan arrangement with Borg Warner. We conclude that there was no fatal variance between the allegations in the bill and the proof at trial. The indictment certainly seems to have served the purpose of the rule as to variance. It advised defendant of exactly what and whose property he was alleged to have taken and was sufficient to enable him to prepare his defense and to protect him from a subsequent prosecution for the same offense.

[3]  Defendant discharged his court-appointed attorney when the case was called for trial. On appeal, he argues that it was error for the court to refuse to continue the case until he could seek out and employ another attorney or prepare to represent himself. He further argues that it was error for the court to allow court-appointed counsel to remain nearby and offer such help as defendant might request. Those arguments do not merit discussion.

We have reviewed the assignments of error brought forward on appeal and conclude that no prejudicial error has been shown.

No error.

Judges MORRIS and MARTIN concur.